UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Stefani C Schwartz, Esq., - 014661996
HATFIELD SCHWARTZ LAW GROUP LLC
240 Cedar Knolls Rd., Suite 303
Cedar Knolls, New Jersey 07927
Phone: (973) 737 8315   Fax: (973) 737 8315
Attorneys for Defendants

| | |
|---|---|
| AMANDA YANNOTTA,<br><br>         Plaintiffs,<br><br>v.<br><br>KENT PLACE SCHOOL, and ROBERTA MORAN, in her individual capacity,<br><br>         Defendants. | CIVIL CASE No.: 2:21-cv-07564<br><br>ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM |

Defendants Kent Place School and Roberta Moran ("Defendants") by way of Answer to the Complaint of the Plaintiff herein, says:

## PRELIMINARY STATEMENT

1.    Defendants make no response to the allegations in paragraph 1 of the Complaint, in part, as the statement speaks for itself. Defendants deny the remaining allegations.

2.    Defendants make no response to the allegations in paragraph 2 of the Complaint as Defendants are without sufficient information and knowledge to admit or deny these allegations.

3.    Defendants make no response to the allegations in paragraph 3 of the Complaint as Defendants are without sufficient information and knowledge to admit or deny these allegations.

4.    Defendants make no response to the allegations in paragraph 4 of the Complaint as Defendants are without sufficient information and knowledge to admit or deny these allegations.

5. Defendants admit the allegations in paragraph 5 of the Complaint to the extent that the Assistant Athletic Director separated from employment from Kent Place School. Defendants deny the remaining allegations in paragraph 5.

6. Defendants make no response to the allegations in paragraph 6 of the Complaint as Defendants are without sufficient information and knowledge to admit or deny these allegations and leave Plaintiff to her proofs.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants make no response to the allegations in paragraph 8 of the Complaint, in part, as Defendants are without sufficient information and knowledge to admit or deny these allegations and leave Plaintiff to her proofs. Defendants admit that Plaintiff requested to extend her leave and that such extensions were granted by Defendants.

9. Defendants admits the allegations in paragraph 9 of the Complaint to the extent that Plaintiff made an additional request for an extension of leave and to adjust her work schedule. Defendants neither admit nor deny the remaining allegations in paragraph 9 and leave Plaintiff to her proofs.

10. Defendants neither admit nor deny the allegations in paragraph 10 of the Complaint and leave Plaintiff to her proofs.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants make no response to the allegations in paragraph 14 of the Complaint as no response is required.

## PARTIES

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants admit that Roberta Moran was the Athletic Director of Kent Place School during the relevant time period. Defendants neither admit nor deny the remaining allegations in paragraph 16 of the Complaint.

17. Defendants make no response to the allegations in paragraph 17 of the Complaint as no response is required.

## JURISDICTION AND VENE

18. Defendants make no response to the allegation in paragraph 18 of the Complaint as no response is required.

19. Defendants makes no response to the allegations in paragraph 19 of the Complaint as it calls for a legal conclusion.

20. Defendants makes no response to the allegations in paragraph 20 of the Complaint as it calls for a legal conclusion.

21. Defendants makes no response to the allegations in paragraph 21 of the Complaint as it calls for a legal conclusion.

22. Defendants makes no response to the allegations in paragraph 22 of the Complaint as it calls for a legal conclusion. Defendants make no response to the allegations in paragraph 22 as no response is required.

## FACTUAL ALLEGATIONS

23. Defendants repeat and incorporate paragraphs 1-22 as if fully set forth herein.

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Defendants admit the allegations in paragraph 25 of the Complaint.

26. Defendants admit the allegations in paragraph 26 of the Complaint in part to the extent that Plaintiff's position did include the job duties enumerated. Defendants clarify that Plaintiff was required to perform additional duties.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny that the allegations in paragraph 28 of the Complaint, in part. Defendants admit that Plaintiff as well as all employees transitioned to a remote workplace at the inception of the COVID-19 pandemic. Defendants deny that there were no standards in place.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants are without sufficient information to admit or deny the allegations in paragraph 31 of the Complaint and leave Plaintiff to her proofs.

32. Defendants are without sufficient information to admit or deny the allegations in paragraph 32 of the Complaint and leave Plaintiff to her proofs.

33. Defendants admit that Plaintiff met with the Human Resources administrator. Defendants neither admit nor deny the remaining allegations in paragraph 33 of the Complaint and leave Plaintiff to her proofs.

34. Defendants neither admit nor deny the allegations in paragraph 34 of the Complaint and leave Plaintiff to her proofs.

35. Defendants admit the allegations in paragraph 35 of the Complaint to the extent that Plaintiff was granted FMLA leave. Defendants deny the remaining allegations.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations in paragraph 37 to the extent that Plaintiff was advised of and provided medical leave under the law, and the requirements of the applicable statutes.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants are without sufficient information to admit or deny the allegations in paragraph 39 of the Complaint and leave Plaintiff to her proofs.

40. Defendants admit that Plaintiff requested an extension of leave which was granted.

41. Defendants neither admit nor deny the allegations in paragraph 41 and leave Plaintiff to her proofs.

42. Defendants are without sufficient information to admit or deny the allegations in paragraph 42, in part. Defendants admit the remaining allegations to the extent that Plaintiff requested additional leave, and the leave was granted by Kent Place School.

43. Defendants admit the allegations in paragraph 43 to the extent that Plaintiff sought to extend her leave, and to return on a modified work schedule. Defendants neither admit nor deny the remaining allegations in paragraph 43 and leave Plaintiff to her proofs.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants make no response to the allegations in paragraph 48 of the Complaint as they contain a legal conclusion. To the extent a response is required, Defendants deny the allegations.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

## FIRST CAUSE OF ACTION
### (Disability Discrimination under the ADA)
### (Against Kent Place School)

51. Defendants repeat and incorporate paragraphs 1-50 as if fully set forth herein.

52. Defendants make no response to the allegations in paragraph 52 of the Complaint as the allegations contain a legal conclusion. Defendants leave Plaintiff to her proofs.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants make no response to the allegations in paragraph 56 of the Complaint as they contain a legal conclusion. To the extent a response is required, Defendants deny the allegations.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. The document speaks for itself. Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

**WHEREFORE,** Defendants demand dismissal of the Complaint in its entirety with attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Failure to Accommodate Under the ADA)
### (Against Kent Place School)

61. Defendants repeat and incorporate paragraphs 1-60 as if fully set forth herein.

62. Defendants admit that Plaintiff was an employee. Defendants neither admit nor deny the remaining allegations in paragraph 62 and leave Plaintiff to her proofs.

63. Defendants make no response to paragraph 63 of the Complaint as it contains a legal conclusion. Defendants leave Plaintiff to her proofs.

64. Defendants make no response to paragraph 64 of the Complaint as it contains a legal conclusion.

65. Defendants make no response to paragraph 65 of the Complaint as it contains a legal conclusion. Defendants leave Plaintiff to her proofs.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

**WHEREFORE,** Defendants demand dismissal of the Complaint in its entirety with attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Discrimination Under the LAD)
### (Against All Defendants)

71. Defendants repeat and incorporate paragraphs 1-70 as if fully set forth herein.

72. Defendants make no response to paragraph 72 of the Complaint as it contains a legal conclusion. To the extent a response is required, Defendants deny the allegations.

73. Defendants make no response to paragraph 73 of the Complaint as it contains a legal conclusion. To the extent a response is required, Defendants deny the allegations.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

**WHEREFORE,** Defendants demand dismissal of the Complaint in its entirety with attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (Failure to Accommodate Under the NJLAD)
### (Against All Defendants)

76. Defendants repeat and incorporate paragraphs 1-75 as if fully set forth herein.

77. Defendants make no response to paragraph 77 of the Complaint as it states a legal conclusion and no response is required.

78. Defendants neither admit nor deny the allegations in paragraph 78 of the Complaint and leave Plaintiff to her proofs.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

**WHEREFORE,** Defendants demand dismissal of the Complaint in its entirety with attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### (Aiding and Abetting Violation Under NJLAD)
### (Against Defendant Roberta Moran)

84. Defendants repeat and incorporate paragraphs 1-83 as if fully set forth herein.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

**WHEREFORE,** Defendants demand dismissal of the Complaint in its entirety with attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. Defendants reserve the right to move to dismiss the Complaint, in whole or in part, for failure to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Defendants acted in a reasonably prudent manner at all times.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are duplicative.

### FOURTH SEPARATE DEFENSE

Defendants maintained the appropriate policies at all times. Defendants followed the law at all times.

### FIFTH SEPARATE DEFENSE

Plaintiff cannot meet her prima facie burden to prevail on the claims made.

### SIXTH SEPARATE DEFENSE

There is no factual or legal basis upon which an award for damages, attorney's fees, costs, or interest can be made.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims against Defendants are barred by the applicable statute of limitations.

### EIGHTH SEPARATE DEFENSE

Plaintiff failed to exhaust all available administrative remedies.

### NINTH SEPARATE DEFENSE

Defendants deny any wrongful conduct in any manner whatsoever.

### TENTH SEPARATE DEFENSE

Plaintiff's actions are barred by the doctrines of estoppel, laches and unclean hands.

### ELEVENTH SEPARATE DEFENSE

Any harm or damages were the result of Plaintiff's own conduct.

### TWELFTH SEPARATE DEFENSE

All acts of Defendants were at all times performed in good faith, without malice, and without intent to violate Plaintiff's rights.

### THIRTEENTH SEPARATE DEFENSE

Any damages or injuries sustained by Plaintiff were caused by Plaintiff's own conduct.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate her damages.

### FIFTEENTH SEPARATE DEFENSE

There is no factual or legal basis upon which an award for damages can be made. Plaintiff is not entitled to damages as Defendants did not act or fail to act in a manner sufficient to give rise to damages.

### SIXTEENTH SEPARATE DEFENSE

The claims asserted against Defendants are frivolous, and Defendants are entitled to an award of attorney's fees and costs.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff is liable to Defendant for damages.

### EIGHTEENTH SEPARATE DEFENSE

The claims do not support damages under the Punitive Damages Act.

### NINTEENTH SEPARATE DEFENSE

The issue of punitive damages should be bifurcated.

### TWENTIETH SEPARATE DEFENSE

The court does not have jurisdiction over the claims asserted by Plaintiff.

### TWENTY FIRST SEPARATE DEFENSE

Defendants are entitled to offset any damages.

### TWENTY SECOND SEPARATE DEFENSE

Defendants reserve the right to assert any separate defenses as continuing investigation, fact development, and discovery may dictate.

### DEMAND FOR STATEMENT OF DAMAGES

In accordance with L. Civ. R. 8.1, demand is hereby made for Plaintiffs to provide Defendants with a written statement of the amount of damages claimed.

### DESIGNATION OF TRIAL COUNSEL

Stefani C Schwartz, Esq. is hereby designated as trial counsel in this matter.

### LOCAL CIVIL RULE 11.2 CERTIFICATION

In accordance with L. Civ. R. 11.2, the undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined to this action.

HATFIELD SCHWARTZ LAW GROUP LLC
Attorneys for Defendants

By: */s/ Stefani C Schwartz*
STEFANI C SCHWARTZ. ESQ.

Dated:   February 6, 2023

## COUNTERCLAIM

1. Defendant/Counterclaim-Plaintiff, Kent Place School, ("Defendant" or "Kent Place School") is an independent academic institution located in New Jersey.

2. Plaintiff/Counterclaim-Defendant, Amanda Yannotta ("Plaintiff" or "Ms. Yannotta"), is a former employee of Kent Place School.

3. Plaintiff was hired in November 2019 as an Assistant to the Athletic Director earning approximately fifty thousand dollars ($50,000.00) annually.

4. Plaintiff was offered the same position for the 2020-2021 academic year. In this regard, Plaintiff was an at-will employee with a one-year employment contract commencing on July 1, 2021.

5. Plaintiff had difficulty managing the volume of work and effectively and correctly completing job tasks.

6. On or about July 26, 2021, Plaintiff requested medical leave pursuant to the Family Medical Leave Act (FMLA) in furtherance of addressing her own medical condition.

7. Specifically, Plaintiff requested leave for six (6) to eight (8) weeks. The leave was granted.

8. On or about September 15, 2021, Plaintiff requested an extension of medical leave until October 18, 2021. On or about October 14, 2021, Plaintiff requested another extension of leave for an additional four (4) weeks with an intended return date of November 15, 2021. On November 9, 2021, Kent Place School inquired with Plaintiff about her return-to-work date. Plaintiff did not respond. On November 11, 2021, Kent Place School again inquired about Plaintiff's intention to return to work. In response, on November 12, 2021, Plaintiff requested another extension of leave until December 1, 2021.

9. While Plaintiff was on leave, Kent Place School compensated Plaintiff for the difference between her full-time salary and the supplemental wage benefits provided to her pursuant to New Jersey Family Leave Insurance and/or New Jersey Temporary Disability. While this is not a requirement under the law, it is a policy offered by Kent Place School, so that employees continue to receive their full salary while on leave.

10. During this time, Plaintiff was inadvertently overcompensated, and failed to return the excess wages to Kent Place School.

11. Plaintiff owes Kent Place School for the overpaid, unearned wages.

## COUNT I
### (UNJUST ENRICHMENT)

12. Kent Place School realleges and incorporates paragraphs 1-11 of the Counterclaim as if fully set forth herein.

13. Plaintiff was overpaid wages in or about November 2021.

14. Plaintiff has failed to return the overpaid wages to Kent Place School.

15. Plaintiff has been unjustly enriched by retaining unearned compensation that Plaintiff was not entitled to. Plaintiff has received a benefit for services that were not conferred.

16. Kent Place School has suffered damages due to Plaintiff's conduct.

**WHEREFORE**, Kent Place School demands the following relief: (a) dismissing Plaintiff's Complaint in its entirety; (b) granting Kent Place School's counterclaims; (c) compensatory damages; (d) reasonable attorneys' fees and costs; and (e) any such further relief as the court deems just and proper.

## COUNT II
### (CONVERSION)

17. Kent Place School realleges and incorporates paragraphs 1-16 of the Counterclaim as if fully set forth herein.

18. Plaintiff was overpaid wages in or about November 2021.

19. Plaintiff has wrongfully and knowingly retained the overpayment of wages. Plaintiff is not entitled to the wages that she received in the overpaid amount.

**WHEREFORE**, Kent Place School demands the following relief: (a) dismissing Plaintiff's Complaint in its entirety; (b) granting Kent Place School's counterclaims; (c) compensatory damages; (d) reasonable attorneys' fees and costs; and (e) any such further relief as the court deems just and proper.

HATFIELD SCHWARTZ LAW GROUP LLC
Attorneys for Defendant


By: */s/ Stefani C Schwartz*
STEFANI C SCHWARTZ. ESQ.